UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES FOR USE AND BENEFIT OF SEQUOIA ELECTRIC, LLC and SEQUOIA ELECTRIC, LLC,<br><br>          Plaintiff(s),<br><br>  v.<br><br>THE GUARANTEE COMPANY OF NORTH AMERICA USA,<br><br>          Defendant(s). | Case No. 2:14-CV-2045 JCM (VCf)<br><br>ORDER |

  Presently before the court is defendant Guarantee Company of North America USA's ("GCNA") motion for partial summary judgment on the question of whether "[p]laintiff's claim for attorney's fees and interest must be denied as a matter of law." (ECF No. 22 at 1). Plaintiff Sequoia Electric, LLC ("Sequoia") filed a response (ECF No. 23), and defendant filed a reply (ECF No. 26).

  **I.**  **Introduction**

  Sequoia initiated this suit in pursuit of money allegedly owed in connection with its subcontracting work on the "Kyle Canyon Picnic Area Reconstruction Project." (ECF No. 1 at 3). Plaintiff claims that general contractor Barajas & Associates, Inc. ("Barajas") acquired a Miller Act payment bond from GCNA. (*Id.*). Barajas later filed for bankruptcy, and plaintiff allegedly understood that GCNA would assume the completion of that project and Barajas's corresponding obligations. (*Id.*).

  In its motion, defendant asserts that plaintiff, after the completion of the project, "unilaterally issued change orders in the total amount of $100,463.64." (ECF No. 22 at 2). Specifically, defendant now challenges change order 13's request for attorney's fees and change order 14's request for prejudgment interest. (*Id.*). Defendant argues that attorney's fees are

**James C. Mahan**
**U.S. District Judge**

precluded as a matter of law both because of the Supreme Court's decision in *F.D. Rich Co. v. United States for Use of Indus. Lumber Co.*, 417 U.S. 116 (1974), and because no contract term exists allowing Sequoia to recover attorney's fees. (ECF No. 22).

Regarding change order 13, plaintiff responds that Barajas agreed to pay plaintiff for the change orders and that defendant's motion is premature for insufficient evidence of contract terms. (ECF No. 23). Next, plaintiff contests the application of *F. D. Rich Co.* because the instant case is not an exception to the Miller Act. Finally, plaintiff alleges that Nevada Revised Statute ("NRS") 18.010 applies in the instant case, which may allow attorney's fees "[w]hen the prevailing party has not recovered more than $20,000." NRS 18.010; *see also* (ECF No. 23).

Regarding change order 14, defendant asserts that these fees are "not ascertainable with sufficient certainty," the contract does not permit their collection, and Nevada statutory law precludes payment. (ECF No. 22 at 5–6) (citing NRS 17.130(2)). Plaintiff takes issue with the characterization of this sum as "prejudgment interest," alleging instead that "[t]hese items are direct expenses S[equoia] incurred because B[arajas] did not pay S[equoia]." (ECF No. 23 at 7).

Defendant's reply reiterates its previous argument; however, it also offers a portion of the subcontract stating that a subcontractor must offer a change notice request within 10 days of discovering an underlying change. (ECF No. 26). Accordingly, it argues, these change orders are invalid. (*Id.*).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come

**James C. Mahan**
**U.S. District Judge**

- 2 -

forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. Discussion

As an initial matter, this court will not consider defendant's argument that the change orders forming the basis of the present action are invalid *ab initio* because they were not submitted within the time allegedly required by the applicable contract. *See* (ECF No. 26).

Defendant argues in its reply that the change orders were invalid because they were submitted after ten days had elapsed, in contravention of the alleged contract in force between the parties. (*Id.*). Thus, defendant essentially introduces an argument—in a reply supporting a motion for partial summary judgment—that may be dispositive of the entire action without affording plaintiff the opportunity to address that argument. Accordingly, if defendant wished to pursue that argument now, this court would find the present motion in violation of Local Rule IC 2-2(c) because defendant's motion would effectively cease to be a motion for partial summary judgment

James C. Mahan
U.S. District Judge

- 3 -

and instead become a standard motion for summary judgment. Therefore, that argument is not addressed in this order.

      a. *Change order 13*

Plaintiff is incorrect in its assertion that NRS 18.010 will apply in this case. "In *F.D. Rich*, the Supreme Court held that a successful plaintiff in a Miller Act case could not recover attorney's fees under a state law authorizing fee awards to prevailing plaintiffs." *K-W Indus., a Div. of Assocs. Techs., Ltd. v. Nat'l Sur. Corp.*, 855 F.2d 640, 643 (9th Cir. 1988). Moreover, "[t]he rationale of *F.D. Rich* is that remedies available in an action arising under a federal statute such as the Miller Act should be nationally uniform." *Id.* (citing *F.D. Rich Co.*, 417 U.S. 116 at 126–131). Thus, defendant's reference to *F.D. Rich* satisfies its initial burden to show plaintiff's failure to satisfy an element of its claim. *See Celotex Corp.*, 477 U.S. at 323–24.

Plaintiff next asserts that there is a question of material fact regarding the applicability of an exception to the Miller Act's restriction on attorney's fees because of "bad faith, vexatious, wanton or oppressive reasons," as articulated by *F.D. Rich*. (ECF No. 23 at 5–6). This line of argument is based on plaintiff's acquisition of funds resulting from a stipulation in a bankruptcy proceeding involving Barajas and GCNA. (*Id.* at 6). However, the court has reviewed the text of plaintiff's submitted copy of that stipulation and finds no evidence or inference from that document that bad faith or another reprieve from the Miller Act's treatment of attorney's fees is applicable here. (ECF No. 23). Therefore, this particular proposition fails the summary judgment standard of review because, here, the party bearing the burden at trial has failed to show the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323–24; (ECF No. 26).

Plaintiff also argues that it is entitled to seek attorney's fees pursuant to its contract with defendant and that the latter party has not provided sufficient evidence to show that no such authorization exists. (ECF No. 23). However, plaintiff itself offers no contract language showing that it is entitled to bring a claim for attorney's fees. *See* (*id.*). In light of defendant's invocation of *F.D. Rich* and plaintiff's lack of evidence for its purported right to bring a claim for attorney's fees, this court finds that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. Accordingly, summary judgment shall be granted for defendant on the issue of change order 13's charge for attorney's fees.

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

     *b. Change order 14*

  Defendant contests that charge order 14 seeks to impermissibly claim prejudgment interest in contravention of NRS 17.130(2), is not authorized by any portion of the applicable contract, and does not provide sufficiently ascertainable damages required by the Miller Act.  (ECF No. 22).

  "[P]rejudgment interest, as determined by state law, is within the appropriate 'scope of the remedy' under the Miller Act."  *U.S. ex rel. Int'l Bus. Machines Corp. v. Hartford Fire Ins. Co.*, 112 F. Supp. 2d 1023, 1034 (D. Haw. 2000) (citing *United States for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 922 (5th Cir.1998)).

  Although defendant discusses NRS 17.130(2), NRS 338.550–338.570 more specifically deal with the issues of payments between contractors and subcontractors.  *See also* (ECF No. 22-6) (citing NRS chapter 338).  For example, NRS 338.565 indicates that if a subcontract is not paid upon by the corresponding contractor:

> [T]he contractor shall pay to the subcontractor . . . interest from the 10th day on the amount delayed, at a rate equal to the lowest daily prime rate at the three largest banks or other financial institutions of the United States on the date the contract was executed plus 2 percent, until payment is made to the subcontractor or supplier.

Therefore, that statute indicates parameters for interest that depend on the validity of underlying debts between a contractor and a subcontractor.  As this analysis would require a consideration of defendant's other alleged debts that lie outside the scope of this partial motion for summary judgment and remain unbriefed, the court declines to rule on this issue.  Alternatively, defendant's failure to discuss potentially applicable statutory law shows that defendant has failed its initial burden under summary judgment.  *See Adickes*, 398 U.S. at 159–60.  Under either line of reasoning, summary judgment will be denied as to change order 14.

**IV. Conclusion**

  In sum, this court finds that defendant's motion for partial summary judgment is meritorious with respect to its argument regarding change order 13, but summary judgment regarding change order 14 is inappropriate at this time.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for partial summary judgment (ECF No. 22), be, and the same hereby is, GRANTED IN PART AND DENIED IN PART, consistent with the foregoing.

DATED February 1, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**